IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAY JACOBS                                                                                          PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:02cv714JMR-JMR

JOSEPH G. STRIBLING                                                     DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court on the motions of the defendant, Joseph G. Stribling, to dismiss [20-1] pursuant to Rule 25 of the Federal Rules of Civil Procedure and the reconsideration of the motion to dismiss [24-1]. Defendant alleges that this matter should be dismissed for failure of the plaintiff to properly file a Motion for Substitution under Rule 25 of the Federal Rules of Civil Procedure. (Mot. to Dismiss, p. 1.)

The Complaint in this matter was filed on September 12, 2002. Joseph Stribling died July 25, 2003. A suggestion of death was filed on September 17, 2003. A Motion to Dismiss was filed on October 20, 2006 seeking dismissal for failure to substitute under Rule 25 of the Federal Rules of Civil Procedure or in the alternative to allow Defendant's counsel to withdraw as the estate was insolvent. The motion was denied as to the Motion to Withdraw and placed under advisement as to the Motion to Dismiss. Thereafter, on June 14, 2007, Defendant filed a Motion to Reconsider on both basis. These motions are unopposed to date.

Rule 25(a)(1) FRCP provides *"Unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."*

Plaintiff has not filed any pleading which would address this obligation under Rule 25 since the filing of the suggestion of death. In *Yazdchi v. American Honda Finance Corp.* 2006 WL 2456495(N.D.TEX) the Court found that Defendants' Joint Motion to Dismiss with prejudice should be granted as there was no Motion for Substitution timely filed. The Court noted that although the rule is couched in mandatory terms, the Advisory Committee notes indicate that the ninety day period may be extended pursuant to FRCP6(b) which provides that a ..court "for cause shown may at any time in its discretion ...upon motion made after the expiration of a specified period, permit the act to be done where the failure to act was the result of excusable negligent..." *Continental Bank N.A. v. Meyer*, 10 F.3d 1293(7th Cir.1993). In the *Yazdchi* case, as in the pending matter, no motion for enlargement of the ninety day period was made either within the ninety day period or after its expiration. Further, in *Yazdchi,* as in the pending matter, there was no showing of excusable neglect and the Court found that the case should be dismissed pursuant to Rule 25. In the pending matter, to date, a Motion for Substitution has not been filed.

This Court has addressed this issue in *Melear v. Harrison County*, 2005 WL 3240698 (S.D.Miss). The Court determined that Plaintiff's argument for excusable neglect was insufficient and found that failure to file a timely Motion for Substitution was a basis for Summary Judgment, when a plaintiff who died on July 21, 2004, did not file a Motion for Substitution until February 3, 2005. Finally, the Fifth Circuit Court of Appeals, in *Ray v. Koster,* 85 Fed Appx 983, 2004 WL 96780(C.A.5(Tex)) upheld a Court's decision to dismiss for failure to timely file a Motion for Substitution within 90 days after the service of the suggestion of death and plaintiff's failure to reply to a motion to dismiss.

The Court finds that as there has been no Motion for Substitution filed in the four years since

defendant's death and no opposition filed to the either Motion to Dismiss or the Motion for Reconsideration filed on similar grounds. The Court further finds that the motions are well taken and this matter should be dismissed with prejudice pursuant to Rule 25 of the Federal Rules of Civil Procedure.

### Conclusion

For the above stated reasons, the Court finds that the Motion to Dismiss [20-1] and Motion for Reconsideration [24-1] filed by the Defendant should be granted and further finds that the claims brought against the Defendant should be dismissed with prejudice. Finally, the Court finds that this case should be closed. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 23rd day of July, 2007.

                                                    s/ John M. Roper

                                              UNITED STATES MAGISTRATE JUDGE